**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GINA SANDERS,
        Petitioner,

v.                                                                            Case No. 8:12-cv-2529-T-36TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
        Respondent.
_____/

## ORDER

Petitioner Gina Sanders, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Sanders challenges her convictions entered in 2008 by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. Respondent filed a response (Dkt. 11). Sanders did not file a reply. Upon review, the petition must be denied.

### Procedural History

The State of Florida charged Sanders with delivery of cocaine (count one) and possession of cocaine (count two). Sanders entered a plea of guilty for a sentence of 33.3 months in prison. Sanders entered her plea on August 21, 2008. (Dkt. 13, Exs. 2, 3.) However, she did not appear for the sentencing hearing set for August 25, 2008. Subsequently, on August 27, 2008, Sanders was sentenced to concurrent terms of fifteen years in prison on count one and five years in prison on count two. (Dkt. 13, Exs. 4, 5.)

After granting Sanders's petition for belated appeal, the state appellate court *per curiam* affirmed her convictions and sentences. (Dkt. 13, Exs. 10, 13.) Sanders filed a

motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 13, Ex. 14.)  The postconviction court summarily denied her motion, and the state appellate court *per curiam* affirmed the order of denial.  (Dkt. 13, Exs. 17, 21.)  Sanders's motion for rehearing and motion for rehearing en banc were denied.  (Dkt. 13, Ex. 22.)  Respondent does not contest the timeliness of Sanders's federal habeas petition.

## Standard Of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000).  Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was

contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693.  In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010).

The state appellate court affirmed the denial of Sanders's postconviction motion in a *per curiam* decision without a written opinion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby,* 538 U.S. 906 (2003). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court. *Cullen v. Pinholster,* _U.S._, 131 S. Ct. 1388, 1398 (2011). Sanders must overcome by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Discussion

### Ground One

Sanders argues that her plea was involuntary. She asserts that the court did not inform her until after it accepted her plea that she faced a sentence longer than 33.3 months if she did not appear for sentencing. She claims that not knowing of this possible consequence before entering her plea rendered the plea involuntary. In further support

of her claim, Sanders argues that the court sentenced her in excess of the plea agreement and did not allow her to withdraw the plea after imposing such a sentence.

The plea agreement signed by Sanders states the following: "I am pleading pursuant to a plea agreement and the terms of that agreement are as follows: 33.3 MONTHS FSP + D to turn in for sentencing on Monday 8/25/08 8:00." (Dkt. 13, Ex. 2, p. 19.) The court conducted the following colloquy with Sanders at the change of plea hearing on August 21, 2008:

| | |
|---|---|
| THE COURT: | State your name, ma'am. |
| THE DEFENDANT: | Gina Elaine Sanders. |
| THE COURT: | Miss Sanders, you have the right to a jury trial on these charges, the right to present evidence, the right to confront the evidence against you, and the right to remain silent. Do you understand those rights, ma'am? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you wish to freely and voluntarily give up those rights and plead guilty to these charges, ma'am? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Have you had sufficient time to discuss these matters with your attorneys, ma'am? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Are you satisfied with the legal advice that they've provided you, ma'am? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Did you sign this plea form in court today, ma'am? |

THE DEFENDANT:          Yes.

THE COURT:              Is everything on that document true and correct, ma'am?

THE DEFENDANT:          Yes.

THE COURT:              Factual basis, [State].

[THE STATE]:            On April 28th of 2008, during an undercover buy bust operation, law enforcement made contact with the defendant.  The defendant asked what law enforcement wanted.  Law enforcement responded, 20 hard.  The defendant told law enforcement that she would deliver.  The defendant returned to the vehicle and handed a baggie containing several pieces of crack cocaine which tested positive for crack cocaine; and the defendant can be identified.

[COUNSEL]:              The defense stipulates.

THE COURT:              Very well.  Miss Sanders, I accept your plea.  I'm deferring sentencing until Monday morning.

THE DEFENDANT:          Yes, sir.

THE COURT:              That would be the 25th day of August, 2008, eight a.m., not 8:30.  Eight a.m., right here in this courtroom.

THE DEFENDANT:          Yes, sir.

THE COURT:              Now, if you appear as duly ordered by this Court on Monday, then I will sentence you to, as I've said, 33.3 months Florida state prison.  Do you understand that?

THE DEFENDANT:          Yes, sir.

THE COURT:              Now, if you don't show and it's your fault, then I could impose 20 years Florida state prison.  Do you understand that, ma'am?

THE DEFENDANT:          Yes, sir.

| THE COURT: | I'm giving you time to get your affairs in order to include, most importantly, your five children and, I believe, two grandchildren.  Don't blow this, okay? |
|---|---|
| THE DEFENDANT: | I won't.  I won't, Your Honor. |
| THE COURT: | If you do, all bets are off, you understand that?  Monday, eight o'clock. |
| THE DEFENDANT: | I'll be here. |
| THE COURT: | I'll save these plea documents.  I'll see you Monday at eight.  You shall be released today on a furlough to appear in this courtroom Monday morning, eight a.m. |
| THE DEFENDANT: | Yes, sir. |

(Dkt. 13, Ex. 3, pp. 83-86.)

Sanders did not appear at the sentencing hearing scheduled for August 25, 2008.

The court sentenced her on August 27, 2008.  The court stated that Sanders's failure to

appear was "willful" and "contumacious." (Dkt. 13, Ex. 5, p. 89.) Through counsel, Sanders

explained that she did not appear on August 25, 2008, because she had been unable to

finish making arrangements for her children.  (Id., p. 90.)  The court sentenced Sanders to

concurrent terms of fifteen years in prison on count one and five years in prison on count

two.

Sanders raised this claim of involuntary plea in her postconviction motion.  After

reviewing the plea colloquy, the state court rejected this claim:

On August 27, 2008, after Defendant failed to appear on August 25, 2008,
Defendant was afforded an opportunity to explain her failure to appear, which
she did, and the court found her failure to appear to be willful and imposed
the maximum sentence.  The Court finds that the record refutes Defendant's
allegations, as Defendant was specifically advised by the trial court that it
could impose the maximum sentence if Defendant failed to appear as

instructed because the court did hear from Defendant about her reasons for failure to appear before finding that failure to appear to be willful and imposing the maximum sentence.  As such, the Court finds that the trial court did not sentence Defendant in excess of her plea agreement rendering her plea involuntary, as Defendant alleges. . . .

(Dkt. 13, Ex. 17, pp. 4-5) (court's footnote and record citations omitted)

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'"  *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).

Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [and] his lawyer [at a plea hearing] . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'"  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

The record supports a finding that Sanders's plea was voluntary.  The change of plea hearing transcript reflects that Sanders knew at the time she entered the plea that failure to appear at the scheduled sentencing hearing could result in a maximum possible

sentence of twenty years. There is no evidence Sanders did not understand that the condition that she appear for sentencing on August 25, 2008 at 8:00 a.m. was part of the plea agreement, or did not understand that imposition of a 33.3-month sentence was contingent on her compliance with it.

When addressing this matter with the court at the change of plea hearing, Sanders was provided multiple opportunities to seek clarification, inform the court that she did not want to proceed, or object. She did not do so. Sanders makes no argument, and there is no indication, that she was coerced into entering the plea or that her statements at the hearing were false. She understood the rights she was giving up, and indicated that she was freely choosing to enter the plea. Furthermore, Sanders did not protest when the court imposed sentence or subsequently move to withdraw her plea.[1] Accordingly, there is no indication that she did not understand or consent to the terms of the plea agreement. Sanders does not establish a failure to satisfy due process with regard to the entry of her plea. *See Stano*, 921 F.2d at 1141. The state appellate court affirmed the postconviction court's rejection of her involuntary plea claim, and Sanders does not show that the state court's decision was contrary to or an unreasonable application of clearly established federal law, or was based upon an unreasonable determination of the facts.

To the extent Sanders attempts to raise an independent federal due process argument, she fails to present a valid federal claim. While Sanders argues that the trial court was obligated to provide her an opportunity to withdraw the plea before imposing a

---

[1] Although Sanders filed a motion for reconsideration of sentence under Florida Rule of Criminal Procedure 3.800(c), she did not challenge the validity of the plea or claim that it was involuntarily entered. In the motion, she merely stated, "I signed a plea agreement for 33 months but since I returned 1 day late from a furlough I was given 15 years." (Dkt. 13, Ex. 6, p. 46.)

sentence in excess of 33.3 months, her argument solely concerns state law, and is supported by citations to state decisions interpreting Florida law and criminal procedure. (Dkt. 1, pp. 17-21.)

Issues of state law are not cognizable in a federal habeas action. *See Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright,* 699 F.2d 1053 (11th Cir. 1983). This is true even though the claim may be "couched" as an allegation of federal due process. *See Branan*, 861 F.2d at 1508 ("It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which are merely 'couched in terms of equal protection and due process.'"). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992). Sanders does not state a federal claim, nor does she identify or establish any federal due process violation. Furthermore, she does not show that the sentence imposed was contrary to the terms of her voluntary plea, to which she agreed and raised no objection. Ground One warrants no relief.

<u>Ground Two</u>

Sanders alleges ineffective assistance of counsel in Ground Two. Claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain relief under *Strickland*, a petitioner must show that counsel's performance was deficient and that this deficiency prejudiced the petitioner. *Id.* at 687. In order to show deficient performance, a petitioner must demonstrate that "in

light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690.  To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  When a petitioner enters a plea, the prejudice inquiry focuses on whether, absent the alleged ineffective assistance, the petitioner would have insisted on proceeding to trial rather than entering his plea.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Counsel is presumed to have provided effective assistance.  *Strickland*, 466 U.S. at 689-90.  Sustaining a claim of ineffective assistance of counsel is difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). If a court can dispose of a claim of ineffective assistance of counsel on one prong of the *Strickland* test, the court need not consider the other prong.  *Strickland*, 466 U.S. at 697; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

Sanders claims that counsel was ineffective for not objecting to her sentence, and for not moving to withdraw her plea after sentencing.  Sanders brought these grounds in her postconviction motion.  The state court determined that counsel was not ineffective for failing to object to the sentence imposed.  Its order stated that "the Court finds that the trial court did not sentence Defendant in excess of her plea agreement rendering her plea involuntary, as Defendant alleges, and thus there was no basis upon which to object to Defendant's sentence, as Defendant also alleges." (Dkt. 13, Ex. 17, p. 5.)

The record supports this determination.  Sanders fails to show that the sentence

imposed did not comport with the plea agreement.   As addressed, Sanders does not establish that her acceptance of the plea agreement, a condition of which required her to appear for sentencing or face an overall sentence of up to twenty years, was unknowing or involuntary.   Accordingly, the state court's conclusion that she did not receive a sentence in excess of the agreement so as to render her plea involuntary is supported by the record.   The state court's finding that counsel had no basis to object to the sentence on the grounds raised by Sanders was affirmed by the state appellate court.   Sanders does not show that the state court's rejection of her claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts.

Nor does Sanders show entitlement to relief on her claim that counsel was ineffective for not moving to withdraw Sanders's plea after sentencing.[2]  Possible grounds to move to withdraw a plea after sentencing include claims of involuntary plea and violation of the plea agreement.  *See* Fla. R. Crim. P. 3.170(*l*), Fla. R. App. P. 9.140(b)(2)(A)(ii)(b)-

---

[2] Sanders asserted in ground two of her postconviction motion, which she titled "Ineffective Assistance of Counsel," that "[c]ounsel was ineffective for failure to object to a greater than agreed upon sentence or move to withdraw the plea where the court sentenced her to the maximum sentence as opposed to the agreed upon sentence by the State and the Court after its acceptance." (Dkt. 13, Ex. 14.)  In rejecting her motion, the state court found that "Defendant warrants no relief on her allegations in grounds one and two." (Dkt. 13, Ex. 17, p. 5.)  Although the state court did not expressly discuss Sanders's claim that counsel was ineffective for not moving to withdraw Sanders's plea, it is presumed that the state court adjudicated this claim on the merits.  In *Richter*, the Supreme Court held that a state court order summarily rejecting all of a defendant's claims without comment creates a presumption that the state court ruled on the merits.  562 U.S. at 99.  This presumption extends to circumstances in which the state court order addresses some, but not all, of a defendant's claims. *Johnson v. Williams*, _U.S._, 133 S.Ct. 1088, 1091, 1094 (2013).  A petitioner may rebut the presumption of an adjudication on the merits if "the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court." *Id.* at 1097.  Sanders makes no such argument or showing.  Even assuming that the presumption was rebutted and this Court was to undertake *de novo* review of Sanders's claim that counsel was ineffective for not moving to withdraw her plea, her claim would be rejected as meritless for the same reasons addressed in this Order.  Sanders fails to show entitlement to relief under *Strickland* because she does not establish a basis upon which counsel could have moved to withdraw the plea or assert that she asked counsel to take such action on her behalf, nor does she present any facts alleging prejudice.

(c).[3]   Additionally, Sanders must establish that withdrawal of her plea was necessary to correct a manifest injustice. *See State v. Partlow*, 840 So.2d 1040, 1042 (Fla. 2003) ("[O]nce sentence has been imposed, to withdraw a plea a defendant must demonstrate a manifest injustice requiring correction.") (citing *Lopez v. State*, 536 So.2d 226, 229 (Fla. 1988)).

Sanders fails to establish deficient performance because she does not identify a basis upon which counsel could have moved to withdraw the plea.  Sanders has failed to show that her plea was involuntary.  Nor does she demonstrate a violation of the plea agreement by the court.  It was Sanders who violated the plea agreement by failing to appear for sentencing on August 25, 2008. The requirement of returning for sentencing was contained on the written plea form signed by Sanders.  (Dkt. 13, Ex. 2, p. 19.)  Moreover, that the imposition of the 33.3-month sentence was contingent upon Sanders fulfilling this condition was discussed and understood by Sanders at the time she entered her voluntary plea. (Dkt. 13, Ex. 3, pp. 83-86.)

Additionally, there is no indication that Sanders asked counsel to file a motion to withdraw plea.  Although Sanders claims counsel did not inform her she could move to withdraw her plea, Sanders does not assert that she addressed concerns about the plea and resulting sentence with counsel, asked counsel what remedies she could pursue, or asked counsel to take any action.

---

[3] A defendant may also move to withdraw a plea on the basis of a sentencing error.  Fla. R. Crim. P. 3.170(*l*); Fla. R. App. P. 9.140(b)(2)(A)(ii)(d).  However, it does not appear that this ground would provide another potential basis to withdraw the plea in Sanders's case.  *See Williams v. State*, 821 So.2d 1267 (Fla. 2d DCA 2002) ("An issue concerning a sentence which exceeds the terms authorized in a plea agreement is no longer considered a sentencing error but is instead a violation of the plea agreement. . . .").  Sanders establishes no basis upon which counsel could have moved to withdraw the plea, and her claim is without merit.

Therefore, Sanders does not identify a basis upon which counsel could have moved to withdraw the plea and does not assert that she communicated a desire to withdraw the plea to counsel or asked counsel to do anything on her behalf.  Under these circumstances, Sanders does not establish that counsel performed deficiently in not moving to withdraw Sanders's plea.  In addition, she does not present facts alleging or demonstrating prejudice as a result of counsel's actions.  Accordingly, Sanders has not met her burden under *Strickland*.  She is not entitled to relief on Ground Two, as she does not demonstrate that the state court's rejection of her claim was contrary to or an unreasonable application of controlling Supreme Court precedent, or was based on an unreasonable determination of the facts.

Accordingly, it is **ORDERED AND ADJUDGED** that Sanders's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.  The Clerk is instructed to enter judgment against Sanders and close this case.

It is further **ORDERED** that Sanders is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of her habeas petition.  28 U.S.C. § 2253(c)(1).  A district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Sanders "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Sanders has not made this showing.  Finally, because Sanders is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on March 14, 2016.

Charlene Edwards Honeywell
United States District Judge

Copy to:
Gina Sanders
Counsel for Respondent